E-filing

FILED 08 MAR 17 PM 3:17 RICHARD W. WIEKING CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

CRB 555

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

MGW

Name Grigsby, Jonathan W

(Last) (First) (Initial)

Prisoner Number T-61830

Institutional Address P.O. Box 1050 D6-205 salinas valley state prison Soledad, CA 93960

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Jonathan Grigsby
(Enter the full name of plaintiff in this action.)

vs.

Robert Horel, Darren Bradbury, Bonnie Samples, et al., sued in Individual an Official capacitys all named page 3
(Enter the full name of the defendant(s) in this action))

CV 08 1475 CRB (PR)

Case No. ____
(To be provided by the clerk of court)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

***[All questions on this complaint form must be answered in order for your action to proceed..]***

I. Exhaustion of Administrative Remedies

[Note: You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A. Place of present confinement salinas valley state prison

B. Is there a grievance procedure in this institution?

YES (X) NO ( )

C. Did you present the facts in your complaint for review through the grievance procedure?

YES (X) NO ( )

D. If your answer is YES, list the appeal number and the date and result of the

log numbers 07-00611 log number 07-01519

appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal both denied

2. First formal level denied both

3. Second formal level denied both

4 Third formal level denied both

E. Is the last level to which you appealed the highest level of appeal available to you?

YES (X) NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why.

II. Parties

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

Jonathan Brugalay T-61830 D6-205
salinas valley state prison P.O. Box 1050
Soledad, CA 93960

B. Write the full name of each defendant, his or her official position, and his or her

place of employment.

Robert Horel-Warden, Darren Bradbury-Captain, M. Smelosky-Assc. Warden N. Thren-Correctional Counselor II, N. Grannis-Chief Inmate appeals, D. Kerr-Sergeant, C/o S.D. George, C. Wilber-Appeals Coordinator, B. Samples-Correction Counselor II, Sergeant J. Pieren, N.J. Nimrod-Assc. Warden, C/o Blazdell, C/o Tincer, C/o Diaz, P. Carrue-mail room supervisor, M. Cook III-warden(A)

Statement of Claim

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

This 1983 civil complaint is against correctional officers Blazdell, Tincer, an Diaz. They are regular officers in B3 E.O.P. building. This initially started because on June 18, 2007 I need to file a 602 appeal. I saw a inmate request for interview form CDCR GA-22 that's for requesting information or seeking a interview with a CDCR employee.

1) This form was sent out June 5, 2007 for interview with R&R sergeant? I went to correctional officer office look for some forms when I got there I saw my GA-22 from June 5, 2007 still not sent out because the date Im in office is June 18, 2007 and I ask regular officers Blazdell, Tincer, and Diaz why they arent sending out my privilege mail, institutional mail that can be used a legal document in Federal Court. (continued sheet)*

IV. Relief

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

Im asking for compensatory damages $5,000 from each defendant, I also



(2) I got into exchange words with 3 officers and I was told to leave the office or Id be wrote up a 115 disciplinary report. I also mention in exhaust administrative appeal to 3RD level. I explain to N. Grannis the chief inmate appeals the issue with inmate request GA-22 which is document that can be used as legal document in this case.

(3) The informal level on appeal E-07-01519 that's dated July 6, 2007 I explain Im dissatisfied. Specificly speaking about actions of 3 officers who were under color of state law in processing my inmate request for interview and because of not processing my request for interview me to mention issue of my mother sending me priority mail package costing

(4) $9.40 sent from Inglewood, CA on May 15, 2007 and I dont receive it until May 31, 2007 I spoke of untimely holding or not processin my mail or priority mail in timely manner which is brought up to appeals coordinator C. Wilber attention and he and D. Bradbury captain and associate warden M. Nimrod still denied my 602 at first level

(5) And not any investigation or inquiry was made in regards my claims which is due process violation being institutional mail is bein held not sent to person or office requested. So when I received the 2 week late $9.40 priority mail it was appropriate to mention these officer actions toward policy and procedure need to be reported.

(6) I have filed 2 other mailroom supervisor issues addressed in 602 appeals log numbers 06-02084, 06-03230, and missing never return appeal log number E-06-02888? P. Carner and her subordinates are in violation of my 1st amendment and 14th fourteenth amendment rights and shows they were under color state law.

(7) Because just about 3 weeks prior May 31, 2007 the priority mail issue. Then for regular officers Blazdell, Tincer, Diaz not sent out my inmate request to R&R sergeant I filed appeal for violation of priority mail and not processing institutional mail which shows they acted under color state law.



(8) I believe based on information and belief actions as reprisals or retaliation for filing civil action CV07-2833. I have (exhibit 1) a document showing date I filed inmate request 6/5/07 thats for my records to show constant not responding to CDCR form GA-22 that we inmates are told to use also?

(9) To show violations of due process and disregard for policy procedure as outlined in title 15 I showed 3 officers the inmate request for interview specified to officer Blazdell, Tincer, Diaz and they had nothing to say. I also show them my (exhibit 2) which is priority mail exhibit showing it was mailed May 15, 2007 and it has a certified card attached that Im suppose to sign and send

(10) Back to my mother to show I received priority mail? I never signed that certified card. Sergeant Pierson, Captain D. Bradbury, Associate Warden M. Nimrod all acted under color of state law when they ignored my 602 citizen complaint. I never receive investigation or do anywhere in first level formal response all ranking officials violate my due process and first

(11) Amendment rights Im entitle to redress grievance of state or government and freedom of free speech. Pelican Bay officers and staff refuse to investigate issues that show error or miscarriages of justice bad things in error to inmates. This part of policy and procedure just read (exhibit 3) 602 appeal E-07-01519 that none of my issues are address.

(12) Before I explain violations of due process and equal protections issues in 2ND level review. Let me bring your attention to screen form 695 dated June 20, 26, 2007, July 2, 5, 2007? This are important because Bonnie Samples sign these screen forms saying she signing for appeals coordinator on first

(13) Three dated 6/20 6/26 7/2/2007? By the 3RD screen form just the signature of appeals coordinator is on July 05, 2007 screen form. Again on first 3 Bonnie Samples is telling me or dictating to me what can be citizen complaint and what cant? Speaking for appeals coordinator B Samples is acting under color of state law tell me I dont decide what is citizen



(14) Complaint and who makes that determination? Let me "Quote exactly what B. Samples states for appeal coordinator C. Wilber", "I Quote Obtain an informal response from housing unit staff relative to processing of your outgoing institutional mail. Thats date 6/20, 6/26 2007, 7/2/07 states the 7/2/07 screen form 695 says "I Quote You do not decide when an appeal is to be processed as a staff complaint.

(15) This appeal has been designated as a mail issue you may obtain an informal response as previously requested or cause your appeal to be cancelled due to your refusal to cooperate? UnQuote", In title 15 California Code of Regulations title 15 subsection 3084.1 Right to Appeal states any inmate under the department jurisdiction may

(16) Appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare All CDCR employees mentioned paragraph 10 acted under color of state law based on 1st and 14th amendments deprivation of freedom of speech an right to petition government for redress of grievance and due

(17) Process clause and equal protections clause of 14th amendment. The 3 officer Blagdell, Tincer, Diaz along with ranking officials that are mention in paragraph 10 acted under color of state law and caused serious deprivation of 1st and 14th amendment rights.

(18) The fact of matter is that on June 18, 2007 I filed citizen complaint 832.5 which it states in 3084.5 Level of Appeal Review and Disposition in (3)(G) says Informal level shall be waived for appeal of Alleged misconduct by a correctional officer or CDCR employee?

(19) For officers and named ranking officials to press or emphasize issue of getting informal response show malice action of all mentioned. It gets worst and policy and procedure outlined in regulations my rights are constantly denied. At 2nd level of review Sergeant J. Pieren lies stating on August 10, 2007 he interview me? Thats a lie because on August 8, 2007 I tried to committ suicide by cutting both of



(20) My wrist receiving 26 stitches 11 in my left and 15 in my right wrist. So Im sure if I would have seen by Sergeant Pieren while I was recovering in Pelican Bay suicide watch. I would remember him coming to see me. Just as date says I filed my complaint to 2ND level response the first time seeing or receiving my appeal 07-01519 was on September 6, 2007.

(21) And I was moved from Pelican Bay prison hospital to Acute Psychiatric program at California Medical Facility Vacaville prison on August 20, 2007 and after being there 17 days I received (exhibit 3) my citizen complaint filed on July 18, 2007. I did not get first formal denied until September 6, 2007.

(22) Which violates policy and procedure outlined in California Code of Regulations 3084.6 Appeal Time Limits (2)(3) First level response shall be completed within 30 working days, 2nd level response shall be completed within 20 working days or 30 days if First level is waived. The first level was alleged to be investigated by Sergeant J. Pieren on

(23) August 10, 2007 which is a lie! Because I was in suicide watch entire time from 8/8/07 til 8/20/07 day I transfered to Acute Psychiatric program in Vacaville for trying to kill myself by receiving 26 stitches in my wrist 11 in left 15 in my right wrist. At second level of review Warden Robert Horel, Appeals Coordinator C. Wilber actions

(24) Show they acted under color of state law in depriving me due process and first amendment to petition government for a redress of grievances? Because Pelican Bay refuses to send my personnel property the inmate request in question is missing that was with my legal property. Based on information and belief of civil rights lawsuit 07-2833

(25) On same constitutional violations 1st and 14th if you read my continued section F youll notice another serious issue arises that it shows or explains a Sergeant name Johnson signs a mail disapprove form as a Facility Captain stating his taken my 1¢ cent stamp that my mother sends me he takes 200 1¢ cent stamps?



(26) This action further shows violation of my due process and chance to show C. Willber and warden Robert Horel the reprisals and retaliation thats against me for filing 602 complaint exposing deliberate indifference failure to act. This also shows bias prejudice actions of C. Willber appeals coordinator P. Carrier mailroom supervisor also all named pelican bay

(27) Employees in paragraph 10 all acted under color of state law and deprive me of my 1st and 14th amendment rights and shows the mindset of these employees under warden Robert Horel showing my rights are violated and nobody investigates my claims are even looks at my exhibits 1, 2, and 3 that show impartial action by all name in this civil action.

(28) Also if you read my describe problem in sections A, D, F, an H youll notice not one investigation or inquiry is look at or explanation given to refute my claims. From initial start of citizen complaint against C/O's Blazdell, Tinker, Diaz, ranking officials D. Bradbury, M. Nimrod, C. Willber, J. Pieren, B. Samples, and Warden Robert Horel

(29) Never attach any of documents I requested to show negligence of all appeals coordinator C. Willber, Captain Bradbury, or Associate Warden M. Nimrod all fail to due there jobs as impartial ranking officials bent on exposing violations of rights of inmates or fact finding inquiry to determine the truth.

(30) Again if you look at screen form dated June 26, 2007 again youll notice the entire time from initial start of citizen complaint E-07-01519 date June 18, 2007 all appeal coordinator keeps trying to emphasize is I need a informal level response? Which Ive show in title 15 California Code Regulations in 3084.5 in paragraph 18 shows my rights.

(31) Paragraph 15 and 16 I state my right to appeal and what there rule and regulations are that are suppose to be policy procedure again name defendants show the acted bias, prejudice, and impartial and were all under color of state law which shows deprivation of my constitutional rights 1st & 14th



(32) Amendments. Again before I go into 3RD level decision and show how my due process is out right denied ignored and no investigation or inquiry was made by Chief inmate appeals N. Grannis. Let me first show and state for Federal Court record that Bonnie Samples, Robert Horel, C. Wilber, an N. Grannis refuse to look at evidence or exhibits that show

(33) Beyond reasonable doubt that there was action by ranking officials in Pelican Bay and Chief inmate appeals N. Grannis in Sacramento is guilty as well for deliberate indifference failure to act. Page #8 & 6 refer screening forms CDC 695 dated 6/21, 6/27, 6/26 of 2007.

(34) In these rescreening form I explain again to B. Samples that title 15 rule 3084.5(3)(G) states informal level is waived. All that is being said or wrote to me is trying to tell me I need a informal level response. In paragraphs 15 & 16 speak for itself policy and procedure outlined. At bottom of #6 I tell B. Samples and D. Bradbury there conflict of interest as they are defendants in civil lawsuit CV07-2566 including 602 appeals 05-02690, 05-02610, 05-02829.

(35) On November 11, 2007 I submitted (exhibit 3) to 3RD level to Chief inmate appeals N. Grannis for review and investigation. If you read my section H and continue page again youll notice I speak on violations of time constraint to process my appeal at second level which its suppose to be 20 working days.

(36) Its exactly 2 months between dates of first formal review and date submitted for second level review September 6, 2007. Ive said it multiple times through this civil action that 3084.6 Appeal time limits (3) states second level review shall be completed in 20 working day or 30 days if first level is waived? And Ive copy to show I first was denied and I never was interview anytime during the

(37) Alleged investigation. For some reason Robert Horel warden and C. Wilber appeals coordinator and B. Samples partially grant me appeal stating I ask for 119 legal log copy and that was granted so my appeal was partial granted? No where in my Complaint do I ask for copy of my 119 legal log. When it time for trial or discovery I produce priority mail package showing log number and certified attached

(38) The second claim is equally important and shows that the following CDCR ranking official at Pelican Bay violate my 1st amendment right to petition the government for a redress of grievance and due process clause of 14th amendment an equal protections under those laws.

(39) First issue is correctional officer S. George on December 4, 2006 pick-up outgoing legal mail that was addressed to State Bar Association Chief Trial Counsel a complaint against my public defender in alleged assault case 055263 out Del Norte Superior Court Gino Desolenni is his name.

(40) When I filed this complaint that had exhibits showing ineffective assistance counsel and complaint how I was made to take a plea deal that I did not want to take. After one month went by and I never received response from State Bar. I started making inquirys to mailroom supervisor P. Carrier no response. I waited til February expecting to receive a log number or letter or

(41) Something saying they received my complaint. Because I prior had file complaint against mailroom for visiting opening my legal mail or harassment (exhibit A) is letter I wrote to my mother asking her to fax this letter asking them to find out and get a response to if they received my complaint filed

(42) December 4, 2006 that correctional officer S. George says he mailed. On or about February 14, 2007 I receive a letter (exhibit B) from State Bar Association Office of the Chief Trial Counsel Intake saying they never received my letter dated December 4, 2006. When I received that letter I couple days later February 21, 2007 filed a citizen complaint

(43) Asking Sergeant D. Kerr to investigate my complaint. I have mind you already been complaining of my legal mail opened and read documents pertaining to small claims case 06-2139 never reach Del Norte Superior Court or reasonable ever explained.

(44) Based on information and belief my mail was being trashed or lost or not sent to where I address it too. And receiving (exhibit B) from State Bar proved that 602's P-06-02084, P-06-03230, an E-06-02888. Based on facts that I was fighting alleged assault on correctional officer and was in



(45) Psychiatric Housing Unit (PSU) Shu unit. D. Bradbury, M. Smelosky, D. Kerr all acted under color of state law when they out right denied my citizen complaint first off which I was made to got informal level when I stated clearly across top of 602 this was citizen complaint. I also had (exhibit A)

(46) Letter I sent to my mother who faxs this to State Bar California Office of The Chief Trial Counsel, Intake asking for response to my December 4, 2006 complaint on Mino Desolemnr. (Exhibit B) is dated February 14, 2007 and states my legal mail never reached the State Bar based on (exhibit B)? Correctional Officer S. George, D. Bradbury, M. Smelosky, M. Cook

(47) all acted under color of state law and denied my first amendment rights to petition California Department Corrections & Rehabilitation (CDCR) for grievance and due process clause equal protections clause show my constitutional rights were ignored and overlook. Basicly Sergeant D. Kerr, D. Bradbury Captain, Associate Warden M. Smelosky, Warden M. Cook

(48) all agree that just because Sergeant D. Kerr made copy of page stating that covers C/O S. George because he wrote in alleged log book the alleged pieces of legal mail bag. Based on information and belief Sergeant D. Kerr could have made copy of page just same day he called his self investigating my claims.

(49) There response on 1st level response show they acted under color of state law and deprive me 1st & 14th constitutional right emphasis on due process and specific continued sheet marked D continued explain how confidential mail is being opened and read and I name other 602 complaints on mail issues. Specific 06-02084, 06-03230 which are a civil rights civil action

(50) CV07-2833 which Im having problems getting motions filed in Federal Court or important documents being filed in court record. On 2nd level response N. Thrasm CTI staff reviewer whos first conflict of interest in my opinion being I filed citizen complaint against her for deliberate indifference failure to act in civil action CV07-2566 and here again she is again violating my rights and just co-signing on same things Sergeant D. Kerr



(51) Said! (exhibit A & B) show without shadow of doubt my legal mail reach its destination. Pelican Bay is known for destorying inmates mail and pattern of abuses against inmates with alleged assaults on correctional officer and inmates who write citizen complaints 602 appeals

(52) Violation of inmates rights and constitutional rights violated all the time. N. Threm, M. Cook acting warden was under color of state law when they denied my due process or impartial investigation into my mail and legal mail issues.

(53) A good example of malice sadistic actions of Pelican Bay officer and mailroom supervisor are violating rights on 602 appeals like first mentioned in first claim in this civil action. N. Grannis the Chief inmate refuse to look at evidence or take other facts into account and he/she Chief inmate appeals acted under color of state law

(54) He/She refuses to look at evidence or take other facts into account specificly (exhibits A & B) and my constantly mentioning the violation of my rights and due process clause of 14th amendment.

Claim For Relief

(55) (First Amendment Violation - abridging the Freedom of Speech - And to petition the State CDC for Redress of Grievances)

(Fourteenth Amendment No State shall make or enforce any law which shall abridge the privileges or immunities of citizen of United States; nor shall any state deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protections of the laws";

(56) Plaintiff refers to and incorporates by reference herein the allegations of paragraphs 1 thru 54 inclusive. Which shows a serious miscarriage of justice and refusal to look at evidence and facts and make a impartial response to 602 appeals process. Plaintiff is informed and believes and thereon alleges that all name defendants have acted intentionally in manner described above as due process violation and refusal to let me address issues thru administrative grievance remedy without

(57) Bias, prejudice actions by defendant. Defendants conduct violates 42 U.S.C. § 1983 because that conduct constitutes deliberate indifference failure to act or lack of inaction violates 1st & 14th amendment rights.

(58) As a proximate result of defendants conduct plaintiff has suffered emotional distress and callous disregard for policy and procedures outlined in title 15 Code of Regulation and federal protected rights of 1st & 14th amendment entitle plaintiff to an award of exemplary punitive an compensatory damages

Prayer For Relief

Wherefore, Plaintiff Jonathan Grigsby prays for judgment against named defendants as follows:

1. For Declaratory & Injunctive Relief to prevent similar actions of: [illegible] investigating inmates evidence and witnesses to refute claims against the inmate;
2. For general damages according to proof;
3. For emotional distress according to proof;
4. For punitive damages according to proof;
5. For compensatory damages according to proof;
6. For nominal damages according to proof
7. For reasonable attorney fees pursuant to 42 U.S.C. 1988
8. For cost and suit and;
9. For such other and further relief as the court may deem just and proper

All administrative remedies have been exhausted to 3RD level

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct. Executed on ~~September~~ March 9, 2008

Date March 9, 2008

Jonathan Grigsby Pro-Per

want punitive damages in amount $6,000 from each defendant, and nominal damages in amount of $2,000 each defendant. I also want declaratory relief and Injunctive relief, to stop future CDCR employees from violating a inmates 1st and 14th amendment to file grievance against state or govt. agency? and due process clause of 14th amendment equal protections under those laws. from defendants in both claims same relief

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 9th day of March, 2008

Jonathan Grigoby

(Plaintiff's signature)

J. Grigsby
T-61830 D6-205
Salinas valley state prison
P.O. Box 1050
Soledad, CA 93960

RECEIVED
MAR 1 4 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Confidential legal mail

Office Clerk Richard W. Wieking
United States Courthouse Northern District Of California
450 Golden Gate Avenue
San Francisco, CA 94102

STATE PRISON
GENERATED MAIL

