IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN W. GRIGSBY,   Plaintiff(s), vs. ROBERT HOREL, et al.,   Defendant(s). | No. C 08-1475 CRB (PR)  ORDER OF SERVICE |

Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP") and frequent litigant in this court, filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that in May thru August 2007 PBSP officials interfered with his mail and with his efforts to obtain relief through California's prison administrative appeal process. He also claimed denial of equal protection and various other miscellaneous deprivations.

Per order filed on September 11, 2008, the court dismissed the complaint for failure to state a claim upon which relief may be granted under the authority of 28 U.S.C. § 1915A(b). Plaintiff appealed.

Per order filed on July 27, 2009, the Ninth Circuit affirmed in part, vacated in part and remanded. The appellate court noted that although the district

court had determined that plaintiff had only alleged isolated instances of delay and possible interference, "at this stage of the proceedings, [plaintiff's] allegations, liberally construed, present a First Amendment claim based on defendants' alleged failure to send a letter and delay in delivering a priority mail package." Grigsby v. Horel, No. 08-17181, slip op. at 2 (9th Cir. July 27, 2009) (citations omitted) (unpublished memorandum disposition). The appellate court also instructed the district court on remand to address plaintiff's claim based on the alleged confiscation of stamps. Id. It affirmed the district court in all other respects. See id. at 2-3.

Pursuant to the mandate of the Ninth Circuit, plaintiff's First Amendment claim that defendants failed to send a letter and delayed the delivery of a priority mail package will be served on the named defendants. So will his due process claim that his one cent stamps were disapproved and confiscated. See Zimmerman v. City of Oakland, 255 F.3d 734, 738 (9th Cir. 2001) (deprivation of property pursuant to established state procedure may state due process claim; Parratt does not apply where state has procedures designed to control actions of state officials and officials act pursuant to those procedures).

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the named defendants at PBSP. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion

for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

      b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

      c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>,

154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        d.    Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

        e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: Jan. 7, 2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Grigsby, J2.serve.wpd

4